Weygandt, C. J.
But a single question is before this court for consideration.
However, it is stated somewhat differently by counsel. In the appellant’s brief it is said:
‘ ‘ The question presented for decision is: When a permittee (as found by the jury) of a named insured is involved in an accident with the named insured’s automobile, vanishes to points unknown without apprising the named insured or the named insured’s insurance carrier of the accident, or his intended whereabouts, and is not thereafter heard from by anyone, does he not thereby breach the condition of the insurance contract requiring ‘assistance and co-operation of the insured,’ and thus give the insurer a complete defense to an action brought by the the person injured in said accident?”
The appellee’s version of the question is as follows:
“The actual question here before the court is this: When a permittee of a named insured injures a child, can the insurance carrying company fail to make any real effort to prepare a defense, refuse to perform its covenants to ‘defend any suit against the insured’ and to pay the judgment obtained on its default on the excuse of lack of ‘assistance and co-operation’ when it has received notice of the accident as soon as practical, prompt information of the probable location of the permittee *381 driver and of witnesses to the accident and has shown no prejudice to its rights ? ’ ’
The defendant insurance company contends that on the evidence in the record it was entitled to a directed verdict in its favor on the ground “that the ‘assistance and co-operation’ clause of the insurance contract was violated, which violation operated as a complete defense to any liability under the contract.”
Is this correct?
The applicable provision of the policy reads in part as follows:
“Assistance and co-operation of the insured. * * * The insured shall co-operate with the company and, upon the company’s request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. * *
Briefly summarized, the evidence discloses that on the morning of September 12, 1952, Howe, the insured, gave the defendant Cox, his nephew, permission to drive the Howe automobile on three missions that day — (1) to take Howe from his home to his place of employment at once, (2) then take Mrs. Howe on an errand, and (3) later at 4:30 o’clock in the afternoon to take Howe from his place of employment back to his home where Cox was residing temporarily; that at approximately one o’clock in the afternoon Cox was still driving the auto-mobile; that while on Diagonal Road in front of a school he struck and injured the plaintiff; that a police officer at the scene of the accident cited Cox to appear in the Municipal Court of Akron at a later date; that Cox did not call for Howe at 4:30 o’clock as he had been instructed; that when Howe reached home by bus he was told that Cox already had been there to get his personal belongings and said he was leaving the city; that Howe then began searching for his automobile and for Cox; that Howe found his automobile in front of a saloon not far from his home but did not find Cox; that he was told Cox had gone to some lumber camp in Oregon or Washington; that later Howe learned of the accident but did not report it to the defendant insurance company; that on December 15, 1952, the company was notified of the accident by the plaintiff’s counsel; and *382 that on December 29, 1952, the plaintiff instituted her suit against Cox, and the defendant insurance company was duly notified but refused to defend the action after making some investigation. Concerning this investigation a claim adjuster for the company testified in part as follows:
“Q. Were Mr. and Mrs. Howe able to furnish you with any address that Mr. Cox could be reached? A. No. During the course of my questioning of Mr. and Mrs. Howe the only information they could give me was that he had been with them a week to perhaps ten days. They said that his wife had lived in a rooming house somewhere around 4th (Street) in Barber-ton, they didn’t know the address. I asked if there were any relatives in town or anybody who might know where Cox might be and the answer was ‘No.’
“Q. Was any specific address furnished you by Mr. and Mrs. Howe # * * as to some place in Washington or Oregon where it was believed he might have gone? A. No, when Cox came to live with Howe, his purpose was to stay long enough until he could collect his pay at the Columbia Chemical, then he was going out to Astoria, Oregon, to reconcile his differences with his wife — he and his wife broke up some time early in September — Mrs. Howe didn’t know the maiden name of Mr. Cox’s wife — they only knew or thought she was from Astoria, Oregon.
“Q. Did you make any check as to the size of that city? A. No, sir, I hadn’t made any personal check — I understand it is a town though roughly 10,000 population. The only other — the town of Longview, Washington, was mentioned by Mr. Cox the night he left — he told Mrs. Howe he intended to go to Longview, Washington, to work in a lumber camp, but they didn’t know whether he had gone to Washington or Oregon.”
Commenting on this and other pertinent evidence in the record, the trial judge said:
‘ ‘ There is no claim upon the part of the insurance company that it defended and the testimony of the insurance representative especially at page 65 conclusively shows that there was nothing done by way of preparation of a defense or investigation beyond the mere fact of attempting to ascertain the whereabouts of the person who was the driver of the automobile at the time of collision. The record is also full of the facts that there *383 was no inquiry or attempt made at any time to ascertain the whereabouts of the driver except from the named insured. ’ ’
The Court of Appeals reached a similar conclusion in the following comment:
“As we view the record before us, the company assumed the position, almost two years before judgment was entered against the insured, that it was under no contractual obligation to Cox. It may have taken this position because it thought that Cox operated the car without permission of the owner; or, because Cox had left the city under unusual circumstances, that it was under no duty to look for him; or that it had not been properly notified. Be that as it may, we are of the opinion that the question of permission, notice, and co-operation and assistance, were questions of fact for the jury; and the conclusions of the jury, under the charge of the court, are sustained by the evidence and are not manifestly against the weight thereof.”
A number of cases are cited in the briefs. However, they are not conclusive since, as observed by the Court of Appeals, “whether the asserted breach of the assistance and co-operation clause by the insured would defeat recovery by the injured party in any particular case, must necessarily be determined from a consideration of all of the facts and circumstances. * * # What constitutes ‘co-operation,’ within a policy requiring the assured to co-operate with the insurer, is usually a question of fact. ’ ’
Under the evidence disclosed by the record in this case, the trial court was not in error in refusing to direct a verdict in favor of the defendant insurance company on the ground that as a matter of law Cox, the additional insured, was guilty- of a failure to assist or co-operate. Since the summons in the original action was served merely by leaving a copy at the office of the Secretary of State, there is no evidence to indicate that Cox knew he had been sued or even knew that Howe, the owner of the automobile, was covered by an insurance policy. Nor is there evidence tending to show that Cox would have refused to disclose the facts by giving his deposition or even by returning to Akron for the trial, had the defendant insurance company made a greater effort to locate him. The plaintiff contends that the company is estopped from complaining about lack of co-operation since it failed to conduct a thorough investigation and failed *384 to discharge its obligation to “defend any suit against the insured '* * * even if such suit is groundless, false or fraudulent, ’ ’ as provided by the terms of the policy.

Judgment affirmed.

Zimmerman, Matthias and Bell, JJ., concur.
Stewart, Taft and Herbert, JJ., concur in paragraphs oiie and two of the syllabus but dissent from the judgment.